Argued April 15, reversed June 29, 1926.

## ELSIE BROWN O'BRYAN *v.* W. M. JACKSON ET AL.

(247 Pac. 318.)

**Bills and Notes—Mortgages—Vendee Executing Note and Mortgage cannot have Same Canceled for Fraud as Against Bona Fide Purchaser for Value.**

1. Vendee executing note and mortgage cannot have same canceled for fraud as against purchaser of note and mortgage for value, and without notice of fraudulent representations made to vendee.

Brokers—Purchaser of Negotiable Note and Mortgage is not
   Chargeable With Knowledge of Broker, Acting Only for Mort-
   gagee, of Latter's Agreement not to Sell Note and Mortgage,
   and Hence Hold Same Free from Infirmities.

2. *Bona fide* purchaser for value of negotiable note and mort-
gage is not chargeable with knowledge obtained by broker, acting
only for mortgagee, of mortgagee's agreement with mortgagor not
to transfer note and mortgage, and hence holds same free from
infirmities.

Appeal and Error.

3. Where decree erroneously canceled mortgage against mortga-
gees and their transferee, from which transferee alone appealed,
entry of decree awarding a different remedy would be *coram non
judice*, and hence suit will be dismissed as to all parties.

Bills and Notes, 8 C. J., p. 1046, n. 9.

From Multnomah: T. E. J. DUFFY, Judge.

Department 1.

REVERSED.

For appellant there was a brief over the names of
*Messrs. McCamant & Thompson* and *Mr. Ralph H.
King,* with an oral argument by *Mr. King.*

For respondent Elsie Brown O'Bryan there was a
brief and oral argument by *Mr. Jerry E. Bronaugh.*

RAND, J.—On May 29, 1922, plaintiff entered into
a contract with the defendant Columbia Harbor De-
velopment Company for the purchase by her of a
tract of land, consisting of what was later described
in the deed as four lots in block 53, Astoria Commer-
cial Addition, situate some four or five miles from
the City of Astoria, for which she agreed to pay the
sum of $2,500, and in pursuance of said contract on
said day, she gave her promissory note for said
sum, payable to the order of defendant, on or before
one year after date, with interest at the rate of 6

per cent per annum from date until paid, and to secure the payment of the same made, executed and delivered to said defendant, a second mortgage upon certain real property in the City of Portland.

Upon receipt of said note and mortgage, said defendant employed one Russell H. Stephens, an attorney at law of the City of Portland, who is engaged in the sale of securities, to negotiate a sale of said note and mortgage. The defendant Oscar M. Smith, who is the manager of "Nicoll the Tailor," an established business concern in the City of Portland, prior to this had purchased through Stephens, as an investment, two notes secured by mortgages upon real property in the City of Portland. Upon being employed to sell said note and mortgage, Stephens offered to sell the same to Smith, and after an inspection of the property by Smith, he purchased said note and mortgage from Stephens, paying him therefor by check, payable to the order of Stephens, the sum of $2,175, and received from Stephens the note properly indorsed by the Columbia Harbor Development Company, and a duly executed written assignment from that company to Smith of said mortgage.

Before purchasing said note and mortgage, Smith required Stephens to secure what is termed in the evidence, as an "insurance rider," and to have the same attached to the policy of insurance upon the house on said mortgaged property, so as to entitle him in case of loss by fire, to a participation in the amount paid under the policy. To secure such rider, Stephens interviewed plaintiff, who is herself engaged in the insurance business, and informed her that Smith was about to purchase the note and mortgage, and before doing so, had insisted upon this

written condition, or rider, being attached to said policy for his protection in case of loss by fire. With this information, plaintiff caused the same to be prepared and to be delivered to Smith, but failed to inform Smith of any objections upon her part to his acquiring said note and mortgage. She testified, however, that at the time she was thus interviewed by Stephens, she informed him that under her arrangement with the defendant Jackson, who is the president of the defendant corporation, it had been agreed by said corporation that it would not negotiate or sell said note or mortgage.

Subsequent to the payment of the consideration for the transfer of said note and mortgage, plaintiff informed Smith of said alleged agreement, but at that time the consideration had been paid by Smith, Stephens received for his services from the defendant corporation the sum of $225, but he was not employed or paid any sum by Smith, and Smith had no notice of said pretended agreement between plaintiff and the defendant corporation until after he had purchased the note and mortgage, and paid the full consideration therefor.

Plaintiff commenced this suit to obtain a cancellation of the note and mortgage, and based her right to a cancellation upon two grounds: First, said alleged agreement, and, second, false and fraudulent representations alleged to have been made to her by Jackson, which induced her to purchase said property and to execute and deliver said note and mortgage. The lower court dismissed the suit as to the defendant Anderson, another officer of the defendant corporation, and entered a decree canceling said note and mortgage, and awarding the costs of the suit

against the defendants Smith, Columbia Harbor Development Company and Jackson, and from this decree Smith alone has appealed.

1. There is no testimony in any way connecting Smith with any representations made by Jackson to plaintiff. Smith at the time was not acquainted with any of the parties plaintiff or other parties defendant; he had no interest whatever in the transaction, and no knowledge that the same was being consummated. He purchased the note and mortgage for value without notice, after negotiating therefor with Stephens alone, and it is not even intimated in the case that either Stephens or Smith were ever informed of any representations having been made as an inducement for plaintiff to purchase said property, or to execute her note and mortgage in payment therefor. The complaint, therefore, must fail as to the defendant Smith, so far as said alleged false and fraudulent representations are concerned.

2, 3. Nor is plaintiff, upon the other ground, entitled to any relief as against the defendant Smith. The note in question was a negotiable promissory note payable one year after date. It contained nothing to put a prospective purchaser upon inquiry. It was subject to transfer by indorsement, and was so transferred three days subsequent to its execution and delivery to the defendant corporation. Stephens in negotiating the sale of this note and mortgage was not acting as the attorney or agent of Smith; he was representing the interests of the defendant corporation under some arrangement not disclosed by the evidence further than that he received out of the moneys paid by Smith the sum of $225, and out of this, paid for bringing the ab-

stract of plaintiff's property down to date and for recording the mortgage. Smith, therefore, was not chargeable with any knowledge acquired by Stephens. There is no evidence that Smith ever received any information concerning anything which plaintiff claims to have disclosed to Stephens concerning the alleged agreement that the corporation would not sell or transfer the note or mortgage. The testimony, so far as there is any testimony on this subject, positively contradicts any such disclosure having been made by Stephens to Smith. The note, having been a negotiable instrument, was subject to transfer, and was purchased in good faith for value and before maturity by Smith. Smith, therefore, acquired the note freed from any alleged infirmity and as a *bona fide* purchaser for value. The decree of the lower court directing the cancellation of the note and mortgage was therefore erroneous, and must be set aside, and since the other defendants have no interest in the note or mortgage, the relief of cancellation must fail.

These considerations render it unnecessary to determine whether the alleged agreement to not sell the note and mortgage was even entered into, or the validity or enforceability of such a contract if entered into.

For the reasons stated, the decree appealed from must be reversed, but since neither plaintiff nor any of the defendants except Smith have appealed, the entry of a decree awarding a different remedy than that given by the decree appealed from against the Columbia Harbor Development Company or Jackson would be *coram non judice*. The defendant Smith is a *bona fide* holder of the note and mortgage, and

these are valid and subsisting obligations because purchased by him for value and without notice before the maturity of the note. The suit must therefore be dismissed as to all parties, but without prejudice to the rights of plaintiff to pursue any remedy, legal or equitable, that she may possess against any of the defendants except Smith. As to him, the suit is dismissed with prejudice. No costs or disbursements will be allowed in this or the Circuit Court to any of the defendants except Smith; he may recover costs and disbursements in both courts.      REVERSED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.